IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JOSEPH BRUMMETT, JUSTIN TOLAND, WILLIAM WYNN, and JAMES RANSOM,** | |
| **Plaintiffs,** | |
| **vs.** | Civil Action File No. |
| **GIRLS GALORE, INC., d/b/a Bliss Atlanta, NICHOLAS A. STERGION, and GEORGE NAZERIAN.** | |
| **Defendants.** | Jury Trial Demanded |

## COMPLAINT

Plaintiffs Joseph Brummett ("Mr. Brummett"), Justin Toland ("Mr. Toland"), William Wynn ("Mr. Wynn"), and James Ransom ("Mr. Ransom") (collectively "Plaintiffs"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 7, bring this Complaint against Defendants Girls Galore, Inc. d/b/a Bliss Atlanta ("Bliss"), Nicholas A. Stergion ("Mr. Stergion"), and George Nazerian ("Mr. Nazerian") (collectively "Defendants"), and show the Court as follows:

**INTRODUCTION**

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et seq*.), ("the FLSA") to (1) recover due but unpaid minimum wages and additional like amounts as liquidated damages; (2) to recover due but unpaid overtime compensation and an additional like amount as liquidated damages; and (3) to be reimbursed their costs of litigation, including their reasonable attorney's fees.

2.

Plaintiffs also seek to recover kickbacks that Defendants forced them to pay in the form of fees and fines, as well as monies that Defendants forced them to pay into an illegal mandatory tip pool in violation of the minimum wage provisions of the FLSA.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. §1391 because Defendants conduct business in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

5.

Mr. Brummett resides in Atlanta, Fulton County, Georgia.

6.

Mr. Toland resides in Broward County, Florida.

7.

Mr. Wynn resides in Atlanta, Fulton County, Georgia.

8.

Mr. Ransom resides in Atlanta, Fulton County, Georgia.

9.

Bliss is a corporation organized under the laws of Georgia.

10.

Bliss is subject to the personal jurisdiction of this Court.

11.

Bliss can be served with process through its registered agent, Nicholas A. Stergion at 2284 Cheshire Bridge Road, Atlanta, Georgia 30324.

12.

Mr. Stergion is a resident of Fulton County, Georgia.

13.

Mr. Stergion is subject to the personal jurisdiction of this Court.

14.

Mr. Stergion can be served with process at his residence, located at 3520 Waters Cove Way, Alpharetta, Georgia 30022, or wherever he can be found.

15.

Mr. Nazerian is a resident of Cobb County, Georgia.

16.

Mr. Nazerian is subject to the personal jurisdiction of this Court.

17.

Mr. Nazerian can be served with process at his residence, located at 3350 George Busbee Pkwy NW, Kennesaw, GA 30144, or wherever he can be found.

# FACTUAL ALLEGATIONS

## 18.

At all times material hereto, Defendants owned and operated an adult entertainment nightclub in Fulton County, Georgia, known as Bliss Atlanta.

## 19.

Defendants' primary business at Bliss is to provide entertainment in the form of exotic dancing by nude or semi-nude men, as well as food, alcoholic beverages, and other forms of entertainment.

## 20.

At all times material hereto, Mr. Stergion and Mr. Nazerian shared complete control over all the operations and employment practices and procedures of Bliss.

## 21.

At all times material hereto, Bliss was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## 22.

During 2011, Bliss had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2012, Bliss had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During 2013, Bliss had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

25.

During 2014, Bliss had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

26.

At all times material hereto, two or more employees of Bliss, including Plaintiffs, used or handled items that that had moved in interstate commerce and were necessary for Bliss to perform its commercial purpose, including, wine, beer, liquor and other alcoholic products; food and food service items; restaurant furniture and equipment, computers and other electronic office equipment; electronic credit card processing terminals; and electronic gaming machines.

27.

At all times material hereto, Bliss employees regularly processed out-of-state credit card transactions.

28.

During 2011, Bliss had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

29.

During 2012, Bliss had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

30.

During 2013, Bliss had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

31.

During 2014, Bliss had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

32.

During 2011, Bliss had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.

During 2012, Bliss had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

34.

During 2013, Bliss had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

During 2014, Bliss had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

36.

At all times material hereto, Bliss was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

37.

At all times material hereto, Defendants have failed to "post and keep posted a notice explaining the [FLSA] ... in [a] conspicuous place[]," as required by 29 CFR § 516.4.

**Factual Allegations as to Plaintiff Toland**

38.

From approximately May 2013 through December 22, 2013, Bliss was Mr. Toland's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

39.

At all times material hereto, Mr. Stergion scheduled Mr. Toland's working hours or supervised the scheduling of Plaintiffs' working hours.

40.

At all times material hereto, Mr. Stergion exercised authority and supervision over Mr. Toland's compensation.

41.

At all times material hereto, Mr. Stergion exercised operational control over the work activities of Mr. Toland.

42.

From approximately May 2013 through December 22, 2013, Mr. Stergion was Mr. Toland's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

43.

At all times material hereto, Mr. Nazerian scheduled Mr. Toland's working hours or supervised the scheduling of Mr. Toland's working hours.

44.

At all times material hereto, Mr. Nazerian exercised authority and supervision over Mr. Toland's compensation.

45.

At all times material hereto, Mr. Nazerian exercised operational control over the work activities of Mr. Toland.

46.

From approximately May 2013 through December 22, 2013, Mr. Nazerian was Mr. Toland's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

47.

From approximately May 2013 through December 22, 2013, Mr. Toland was an "employee" of Defendants as defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

48.

At all times material hereto Mr. Toland held a bartender position at Bliss Atlanta.

49.

At all times material hereto, Defendants failed to pay Mr. Toland wages of any kind.

50.

At all times material hereto, Bliss exercised operational control over the work activities of Mr. Toland.

51.

At all times material hereto, Mr. Toland was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 USC § 213.

52.

At all times material hereto, Defendants did not employ Mr. Toland in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

53.

At all times material hereto, Mr. Toland was not exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 USC § 213.

54.

At all times material hereto, Defendants failed to pay Mr. Toland an hourly wage.

55.

At all times material hereto, Mr. Toland's sole form of remuneration for the work he performed for Defendants was the receipt of tips from Bliss' customers.

56.

At all times material hereto, Defendants classified Mr. Toland as an Independent Contractor.

57.

At all times material hereto, Mr. Toland was an employee of Defendants.

58.

At all times material hereto, Defendants misclassified Mr. Toland as an Independent Contractor.

59.

At all times material hereto, Defendants intentionally and willfully misclassified Mr. Toland as an Independent Contractor.

**Factual Allegations as to Plaintiff Brummett**

60.

At all times material hereto, Mr. Stergion scheduled Mr. Brummett's working hours or supervised the scheduling of Mr. Brummett's working hours.

61.

At all times material hereto, Mr. Stergion exercised authority and supervision over Mr. Brummett's compensation.

62.

At all times material hereto, Mr. Stergion exercised operational control over the work activities of Mr. Brummett.

63.

From approximately March 26, 2013 through January 7, 2014, and from approximately April 24, 2014 through May 19, 2014, Mr. Stergion was Mr. Brummett's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

64.

At all times material hereto, Mr. Nazerian scheduled Mr. Brummett's working hours or supervised the scheduling of Mr. Brummett's working hours.

65.

At all times material hereto, Mr. Nazerian exercised authority and supervision over Mr. Brummett's compensation.

66.

At all times material hereto, Mr. Nazerian exercised operational control over the work activities of Mr. Brummett.

67.

From approximately March 26, 2013 through January 7, 2014, and from approximately April 24, 2014 through May 19, 2014, Mr. Nazerian was Mr. Brummett's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

68.

From approximately March 26, 2013 through January 7, 2014, and from approximately April 24, 2014 through May 19, 2014, Mr. Brummett was an "employee" of Defendants as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

69.

At all times material hereto Mr. Brummett held a bartender position at Bliss Atlanta.

70.

During the period of Brummett's employment at Bliss, Defendants failed to pay Mr. Brummett wages of any kind.

71.

At all times material hereto, Bliss exercised operational control over the work activities of Mr. Brummett.

72.

At all times material hereto, Mr. Brummett was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C § 213.

73.

At all times material hereto, Defendants did not employ Mr. Brummett in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

74.

At all times material hereto, Mr. Brummett was not exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 U.S.C § 213.

75.

At all times material hereto, Defendants failed to pay Mr. Brummett an hourly wage.

76.

At all times material hereto, Mr. Brummett's sole form of remuneration for the work he performed for Defendants was the receipt of tips from Bliss' customers.

77.

At all times material hereto, Defendants classified Mr. Brummett as an Independent Contractor.

78.

At all times material hereto, Mr. Brummett was an employee of Defendants.

79.

At all times material hereto, Defendants misclassified Mr. Brummett as an Independent Contractor.

80.

At all times material hereto, Defendants intentionally and willfully misclassified Mr. Brummett as an Independent Contractor.

**Factual Allegations as to Plaintiff Wynn**

81.

From approximately August 30, 2011 through April 15, 2013, Bliss was Mr. Wynn's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

82.

At all times material hereto, Mr. Stergion scheduled Mr. Wynn's working hours or supervised the scheduling of Mr. Wynn's working hours.

83.

At all times material hereto, Mr. Stergion exercised authority and supervision over Mr. Wynn's compensation.

84.

At all times material hereto, Mr. Stergion exercised operational control over the work activities of Mr. Wynn.

85.

From approximately August 30, 2011 through April 15, 2013, Mr. Stergion was Mr. Wynn's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

86.

At all times material hereto, Mr. Nazerian scheduled Mr. Wynn's working hours or supervised the scheduling of Plaintiffs' working hours.

87.

At all times material hereto, Mr. Nazerian exercised authority and supervision over Mr. Wynn's compensation.

88.

At all times material hereto, Mr. Nazerian exercised operational control over the work activities of Mr. Wynn.

89.

From approximately August 30, 2011 through April 15, 2013, Mr. Nazerian was Mr. Wynn's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

90.

From approximately May August 30, 2011 through April 15, 2013, Mr. Wynn was an "employee" of Defendants as defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## 91.

At all times material hereto Mr. Wynn held a bartender position at Bliss Atlanta.

## 92.

At all times material hereto, Defendants failed to pay Mr. Wynn wages of any kind.

## 93.

At all times material hereto, Bliss exercised operational control over the work activities of Mr. Wynn.

## 94.

At all times material hereto, Mr. Wynn was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C § 213.

## 95.

At all times material hereto, Defendants did not employ Mr. Wynn in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

## 96.

At all times material hereto, Mr. Wynn was not exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 U.S.C § 213.

97.

At all times material hereto, Defendants failed to pay Mr. Wynn an hourly wage.

98.

At all times material hereto, Mr. Wynn's sole form of remuneration for the work he performed for Defendants was the receipt of tips from Bliss' customers.

99.

At all times material hereto, Defendants classified Mr. Wynn as an Independent Contractor.

100.

At all times material hereto, Mr. Wynn was an employee of Defendants.

101.

At all times material hereto, Defendants misclassified Mr. Wynn as an Independent Contractor.

102.

At all times material hereto, Defendants intentionally and willfully misclassified Mr. Wynn as an Independent Contractor.

## Factual Allegations as to Plaintiff Ransom

### 103.

From approximately August 30, 2011 through April 3, 2013, Bliss was Mr. Ransom's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

### 104.

At all times material hereto, Mr. Stergion scheduled Mr. Ransom's working hours or supervised the scheduling of Mr. Ransom's working hours.

### 105.

At all times material hereto, Mr. Stergion exercised authority and supervision over Mr. Ransom's compensation.

### 106.

At all times material hereto, Mr. Stergion exercised operational control over the work activities of Mr. Ransom.

### 107.

From approximately May 2013 through April 3, 2013, Mr. Stergion was Mr. Ransom's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

### 108.

From approximately May 2013 through April 3, 2013, Mr. Nazerian was Mr. Ransom's "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

109.

From approximately May 2013 through April 3, 2013, Mr. Ransom was an "employee" of Defendants as defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

110.

At all times material hereto Mr. Ransom held a bartender position at Bliss Atlanta.

111.

At all times material hereto, Defendants failed to pay Mr. Ransom wages of any kind.

112.

At all times material hereto, Bliss exercised operational control over the work activities of Mr. Ransom.

113.

At all times material hereto, Mr. Ransom was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

114.

At all times material hereto, Defendants did not employ Mr. Ransom in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

## 115.

At all times material hereto, Mr. Ransom was not exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213

## 116.

At all times material hereto, Defendants failed to pay Mr. Ransom an hourly wage.

## 117.

At all times material hereto, Mr. Ransom's sole form of remuneration for the work he performed for Defendants was the receipt of tips from Bliss' customers.

## 118.

At all times material hereto, Defendants classified Mr. Ransom as an Independent Contractor.

## 119.

At all times material hereto, Mr. Ransom was an employee of Defendants.

## 120.

At all times material hereto, Defendants misclassified Mr. Ransom as an Independent Contractor.

121.

At all times material hereto, Defendants intentionally and willfully misclassified Mr. Ransom as an Independent Contractor.

**Common Factual Allegations**

122.

At all times material hereto, Defendants required Plaintiffs to pay them for cash register shortages that occurred during their shifts.

123.

At all times material hereto, Defendants required Plaintiffs to pay "fees" for breathalyzer tests administered at the end of Plaintiffs' shifts.

124.

At all times material hereto, Defendants required Plaintiffs to pay a portion of the tips they received directly to Defendants and their agents and employees for reasons other than the pooling of tips among employees who customarily and regularly receive tips.

125.

At all times material hereto, Defendants established policies and rules that Plaintiffs were required to follow in order to continue their employment.

126.

Such policies and rules set concerned Plaintiffs' attire, performance, attendance, scheduling, and interactions with customers.

127.

At all times material hereto, Plaintiffs followed the established policies and rules set by Defendants.

## COUNT I — FAILURE TO PAY MINIMUM WAGE
## TO MR. BRUMMETT

128.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

129.

At all times material hereto, Mr. Brummett was an employee who was covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

130.

At all times material hereto, Defendants failed to compensate Mr. Brummett at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

131.

At all times material hereto, Defendants intentionally and willfully failed to compensate Mr. Brummett at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

132.

At all times material hereto, Defendants intentionally and willfully required Mr. Brummett to pay breathalyzer fees for each shift worked, in violation of the "free and clear" requirement of 29 CFR 531.35.

133.

On multiple occasions during the course of his employment, Defendants required Mr. Brummett to pay them for alleged cash register shortages in violation of the "free and clear" requirement of 29 CFR 531.35.

134.

At all times material hereto, Defendants required Mr. Brummett to pay a portion of his tips to Defendants and their agents and employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

135.

Mr. Brummett is entitled to payment of minimum wages, free and clear of any amounts paid to Defendants in the form of fees or fines, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

136.

As a result of Defendants' intentional and willful nonpayment of minimum wages as alleged above, Mr. Brummett entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

137.

Defendants are liable to Mr. Brummett for his costs of litigation, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY MINIMUM WAGE TO MR. TOLAND

138.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

139.

At all times material hereto, Mr. Toland was an employee who was covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

140.

From approximately May 2013 through December 22, 2013, Defendants failed to compensate Mr. Toland at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

141.

From approximately May 2013 through December 22, 2013, Defendants intentionally and willfully failed to compensate Mr. Toland at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

142.

At all times material hereto, Defendants intentionally and willfully required Mr. Toland to pay breathalyzer fees for each shift worked, in violation of the "free and clear" requirement of 29 CFR 531.35.

143.

On multiple occasions during the course of his employment, Defendants required Mr. Toland to pay them for alleged cash register shortages in violation of the "free and clear" requirement of 29 CFR 531.35.

144.

At all times material hereto, Defendants required Mr. Toland to pay a portion of his tips to Defendants and their agents and employees who did not work

in positions that are customarily and regularly tipped, in violation of 29 U.S.C.
§ 203(m).

145.

Mr. Toland is entitled to payment of minimum wages, free and clear of any amounts paid to Defendants in the form of fees or fines, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

146.

As a result of Defendants' intentional and willful nonpayment of minimum wages as alleged above, Mr. Toland is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

147.

Defendants are liable to Mr. Toland for his costs of litigation, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III — FAILURE TO PAY MINIMUM WAGE TO MR. WYNN

148.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

149.

At all times material hereto, Mr. Wynn was an employee who was covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

150.

At all times material hereto, Defendants failed to compensate Mr. Wynn at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

151.

At all times material hereto, Defendants intentionally and willfully failed to compensate Mr. Wynn at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

152.

At all times material hereto, Defendants intentionally and willfully required Mr. Wynn to pay breathalyzer fees for each shift worked, in violation of the "free and clear" requirement of 29 CFR 531.35.

153.

On multiple occasions during the course of his employment, Defendants required Mr. Wynn to pay them for alleged cash register shortages in violation of the "free and clear" requirement of 29 CFR 531.35.

154.

At all times material hereto, Defendants required Mr. Wynn to pay a portion of his tips to Defendants and their agents and employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

155.

Mr. Wynn is entitled to payment of minimum wages, free and clear of any amounts paid to Defendants in the form of fees or fines, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

156.

As a result of Defendants' intentional and willful nonpayment of minimum wages as alleged above, Mr. Wynn entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

157.

Defendants are liable to Mr. Wynn for his costs of litigation, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT IV — FAILURE TO PAY MINIMUM WAGE
## TO MR. RANSOM

158.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

159.

At all times material hereto, Mr. Ransom was an employee who was covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

160.

At all times material hereto, Defendants failed to compensate Mr. Ransom at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

161.

At all times material hereto, Defendants intentionally and willfully failed to compensate Mr. Ransom at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

162.

At all times material hereto, Defendants intentionally and willfully required Mr. Ransom and other bartenders to pay illegal kickbacks in the form of breathalyzer fees for each shift worked.

163.

On multiple occasions during the course of his employment, Defendants required Mr. Ransom to pay them for alleged cash register shortages and broken glasses.

164.

At all times material hereto, Defendants intentionally and willfully required

Mr. Ransom to pay breathalyzer fees for each shift worked, in violation of the

"free and clear" requirement of 29 CFR 531.35.

165.

On multiple occasions during the course of his employment, Defendants

required Mr. Ransom to pay them for alleged cash register shortages in violation of

the "free and clear" requirement of 29 CFR 531.35.

166.

At all times material hereto, Defendants required Mr. Ransom to pay a

portion of his tips to Defendants and their agents and employees who did not work

in positions that are customarily and regularly tipped, in violation of 29 U.S.C.

§ 203(m).

167.

Mr. Ransom is entitled to payment of minimum wages, free and clear of any

amounts paid to Defendants in the form of fees or fines, in an amount to be

determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

168.

As a result of Defendants' intentional and willful nonpayment of minimum

wages as alleged above, Mr. Ransom is entitled to liquidated damages in

accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

169.

Defendants are liable to Mr. Ransom for his costs of litigation, including his

reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT V  — FAILURE TO PAY OVERTIME WAGES
## TO MR. BRUMMETT

170.

The allegations in all previous paragraphs are incorporated by reference as if

fully set out in this paragraph.

171.

At all times material hereto, Mr. Brummett was an employee covered by the

FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C.

§ 207(a).

172.

At all times material hereto, Mr. Brummett regularly worked for Defendants

in excess of forty (40) hours each week.

173.

At all times material hereto, Defendants failed to pay Mr. Brummett at one and one half times their regular rate for work in excess of forty (40) hours in any week.

174.

Mr. Brummett is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

175.

As a result of Defendants' intentional and willful nonpayment of overtime wages as alleged above, Mr. Brummett is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

176.

As a result of the underpayment of overtime compensation as alleged above, Defendants are liable to Mr. Brummett for his costs of litigation, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT VI — FAILURE TO PAY OVERTIME WAGES
## TO MR. TOLAND

177.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

178.

At all times material hereto, Mr. Toland was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

179.

At all times material hereto, Mr. Toland regularly worked for Defendants in excess of forty (40) hours each week.

180.

At all times material hereto, Defendants failed to pay Mr. Toland at one and one half times his regular rate for work in excess of forty (40) hours in any week.

181.

Mr. Toland is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

182.

As a result of Defendants' intentional and willful nonpayment of overtime wages as alleged above, Mr. Toland is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

183.

As a result of the underpayment of overtime compensation as alleged above,

Defendants are liable to Mr. Toland for his costs of litigation, including his

reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT VII — FAILURE TO PAY OVERTIME WAGES TO MR. WYNN

184.

The allegations in all previous paragraphs are incorporated by reference as if

fully set out in this paragraph.

185.

At all times material hereto, Mr. Wynn was an employee covered by the

FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C.

§ 207(a).

186.

At all times material hereto, Mr. Wynn regularly worked for Defendants in

excess of forty (40) hours each week.

187.

At all times material hereto, Defendants failed to pay Mr. Wynn at one and

one half times their regular rate for work in excess of forty (40) hours in any week.

188.

Mr. Wynn is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

189.

As a result of Defendants' intentional and willful nonpayment of overtime wages as alleged above, Mr. Wynn is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

190.

As a result of the underpayment of overtime compensation as alleged above, Defendants are liable to Mr. Wynn for his costs of litigation, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT VIII — FAILURE TO PAY OVERTIME WAGES TO MR. RANSOM**

191.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

192.

At all times material hereto, Mr. Ransom was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

193.

During his employment by Defendants, Mr. Ransom regularly worked in excess of forty (40) hours each week.

194.

At all times material hereto, Defendants failed to pay Mr. Ransom at one and one half times their regular rate for work in excess of forty (40) hours in any week.

195.

Mr. Ransom is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

196.

As a result of Defendants' intentional and willful nonpayment of overtime wages as alleged above, Mr. Ransom is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

197.

As a result of the underpayment of overtime compensation as alleged above, Defendants are liable to Mr. Ransom for his costs of litigation, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray:

(a)     That their claims be tried before a jury;

(b)     That they be awarded an amount to be determined at trial against

        Defendants jointly and severally in unpaid minimum wage under the

        FLSA, plus an additional like amount in liquidated damages and pre-

        and post-judgment interest thereon;

(c)     That they be awarded an amount to be determined at trial against

        Defendants jointly and severally for money illegally withheld from

        their tips;

(d)     That they be awarded their costs of litigation, including their

        reasonable attorney's fees,

(e)     For such other and further relief as is just and equitable.

                                     Respectfully submitted,

                                     **DELONG CALDWELL BRIDGERS**
                                     **& FITZPATRICK, LLC**

                                     */s/ Kevin D. Fitzpatrick, Jr.*
                                     Kevin D. Fitzpatrick, Jr.
                                     Georgia Bar No. 262375

3100 Centennial Tower                */s/ Charles R. Bridgers*
101 Marietta Street                  Charles R. Bridgers
Atlanta, GA 30303                    Georgia Bar No. 080791
Telephone: (404) 979-3171
Facsimile: (404) 835-6168
kevin.fitzpatrick@dcbflegal.com      */s/ Matthew W. Herrington*
charlesbridgers@dcbflegal.com        Matthew W. Herrington
matthew.herrington@dcbflegal.com     Georgia Bar No. 275411

                                     **COUNSEL FOR PLAINTIFFS**