IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ALBERT BARNES,** <br> **Plaintiff,** <br> **vs.** <br> **GIRLS GALORE, INC. d/b/a BLISS ATLANTA et al.,** <br> **Defendants.** | Civil Action No. 1:14-CV-3946-SCJ |

**BRIEF IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR AN ORDER PROHIBITING SPOLIATION AND PRESERVING EVIDENCE AND REQUEST FOR EXPEDITED BRIEFING**

Plaintiff Albert Barnes seeks an immediate order requiring all Defendants to preserve evidence that is vital to this action. Barnes brings this motion on an emergency basis requesting either an immediate order or expedited response by the Defendant. Immediate action is sought because of information recently obtained relating to Defendants' possible destruction of material evidence upon receiving service of process in this Action, and the credible risk that, absent urgent Court intervention, additional important evidence may be permanently lost.

## I. Factual Background

### A. Allegations Underlying Plaintiff's Complaint

This is an FLSA case. Defendant Girls Galore, Inc. formerly operated as a gay-oriented male strip club called Bliss Atlanta.[1] Defendants Nazerian and Stergion own and operate Girls Galore.[2] The club currently operates as a female strip club under the trade name Tease.[3]

Barnes worked for Defendants as an exotic dancer from approximately May 2013 through April 2014.[4] Barnes filed his Complaint on December 11, 2014 alleging that he was misclassified as an independent contractor and, therefore, should have been paid minimum and overtime wages.

### B. Defendants' Pending Motions to Dismiss Dispute FLSA Coverage Based on Their Claimed Income

Defendants Girls Galore, Inc., George Nazerian and Nicholas Stergion have filed separate Motions to Dismiss.[5] All Motions seek dismissal on the basis that Girls Galore had revenues of less than $500,000 per year in each year of Barnes' employment, and therefore that Girls Galore is not a covered enterprise under the

---

[1] Dkt. 1 (Complaint) at ¶¶ 15–16.
[2] Dkt. 1 at ¶ 17.
[3] Exhibit 1 (Declaration of Andrew Holland) at ¶ 2.
[4] Dkt. 1 at ¶¶ 19, 21, 23, 24.
[5] Dkt. 7 (Motion to Dismiss by Girls Galore); Dkt. 11 (Motion to Dismiss by George Nazerian); Dkt. 15 (Motion to Dismiss by Nicholas A. Stergion).

FLSA.[6] All defense Motions rely on the Declaration of Nicholas Stergion, in which he claims that the club's revenues for years 2011, 2012, 2013, and 2014 were $306,819.37, $387, 802.53, $314, 885.61, and $406,201.10, respectively.[7] Defendants also point to tax returns for 2011 through 2013 indicating indicate the same gross revenues.[8]

Barnes has opposed these Motions[9] and provided the Declaration of William F. Wynn, a former head bartender at Bliss.[10] In his Declaration, Wynn demonstrates detailed knowledge of Bliss' revenues during 2011 through 2013, and states that Bliss' revenues from alcohol sales, door fees, dance fees, and fees imposed on dancers amounted to at least $912,600 each year.[11] The Court has not yet ruled on these motions.

### C. Evidence of the Company's Revenue Appears to be At Risk

As is reflected in the Declaration of Andrew J. Holland, who was until very recently the General Manager of Tease,[12] there is credible evidence—if not a high

---

[6] Dkt. 7-1 at ¶ 2.
[7] Dkt. 7-2 at ¶¶ 10–13.
[8] Dkt. 7 at Exhibits A–C.
[9] Dkt. 10 (Response in Opposition to the Motion to Dismiss by Girls Galore, Inc.); Dkt. 16 (Response in Opposition to the Motion to Dismiss by Nicholas Stergion); Dkt. 17 (Response in Opposition to the Motion to Dismiss by George Nazerian).
[10] Dkt. 10–1 (Declaration of William F. Wynn).
[11] Dkt. 10–1 at ¶ 51.
[12] Exhibit 1 at ¶2.

likelihood—that Defendants began a concerted effort to destroy and conceal key evidence in this Action immediately upon receiving service of process.

**Paper Documents Have Been Destroyed**

Holland shows that he accepted service of process in this and a related action—*Brummett et al. vs. Girls Galore, Inc., et al.*, 1:14-cv-04033-AT (N.D. Ga.)—and conveyed the complaints and summonses to Defendants Nazerian and Stergion.[13] Shortly thereafter, Nazerian and Stergion began shredding documents.[14] Holland observed a large paper shredder filled to capacity in the club's office.[15] In nearly a year as General Manager of Tease, Holland had never seen the shredder full before.[16] Previously, it had only been used on rare occasions to destroy a small number credit card receipts.[17] The very same day that Holland observed the full shredder, he also observed Defendants Nazerian and Stergion removing boxes filled with past years' financial data and employee records.[18] Holland is currently represented by undersigned counsel and anticipates bringing an FLSA action of his own against Defendant after his own recent termination.

---

[13] Exhibit 1 at ¶¶ 23–24.
[14] Exhibit 1 at ¶¶ 25–30.
[15] Exhibit 1 at ¶¶ 26–27.
[16] Exhibit 1 at ¶ 29.
[17] Exhibit 1 at ¶ 28.
[18] Exhibit 1 at ¶ 31.

**Computerized Records that Demonstrate Past Income Exist and Must be Safeguarded**

Additionally, Holland shows that Defendants keep alcohol revenue data on a computer system in the club, and that as part of his work as General Manager, he regularly compared the nightly, weekly, monthly, and yearly alcohol sales of Tease to alcohol sales from previous years when Girls Galore operated as Bliss, the club for which Plaintiff Barnes worked[19] These computerized records appear to contradict Defendants' earlier claims regarding Bliss' revenue. Based on his observations over the course of the past year, Holland estimates that in the three previous years, the club had nightly liquor sales averaging $2,000 per night,[20] an amount that does not include any other sources of revenue such as door fees, VIP sales, and fees retained from dancers. Such nightly sales are dramatically different than the sales claimed by Defendants in their Motions to Dismiss.

**Defendants Have Not Agreed to Enter a Consent Order Safeguarding this Evidence**

In a telephone conference with defense counsel, Plaintiff raised these issues and, by later email, provided a copy of Holland's Declaration on March 24, 2015. To be clear, Plaintiff has no evidence that defense counsel has any involvement

---

[19] Exhibit 1 at ¶¶ 33–35.
[20] Exhibit 1 at ¶ 36.

whatsoever in destruction of documents. Defendants, however, have also not agreed to Barnes' request regarding an order to safeguard evidence. Instead, Defendants have taken the position that, Holland is "trying to misrepresent matters in order to detract from some very serious misconduct."

The information provided by Holland appears to confirm Barnes' contentions and Wynn's previously submitted sworn statement that Defendants have grossly understated their revenues—both to this Court and to the Internal Revenue Service—and that Defendant is a covered employer under the FLSA. The substantive issue of FLSA coverage is not, however, addressed in this Motion. Further discovery will likely be necessary on this substantive issue. This Motion is filed solely for the purpose of avoiding any—or any further—loss of evidence.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. *Defendants have a duty to preserve evidence relevant to this litigation.*

"The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." [21]

---

[21] *Zubulake v. UBS Warburg* LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (quoting *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)); see also *Silvestri v. General Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001); *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, 2011 U.S. Dist. LEXIS 42239, 35-38, 2011 WL 1456029 (S.D. Fla. Apr. 5, 2011) (quoting *Zubulake*).

Given the nature of the claims in this case—i.e., recovery of unpaid minimum wages kickbacks paid to Defendants—and the defenses raised—i.e., that Defendants has less than $500,000 in revenues in each relevant year—revenue documents are clearly relevant. Also important are any documents reflecting the dates and hours worked by Barnes, and the fees paid to Defendants by Barnes.

**B.** ***There is a strong likelihood that Defendants have already destroyed key evidence in this case, and that they may soon destroy additional evidence.***

The attached Declaration of Tease's former General Manager presents strong circumstantial evidence that Defendants Stergion and Nazerian began a concerted effort to destroy evidence immediately after learning of the existence of this Action. Holland observed a rarely used paper shredder in Defendants' office filled with shredded paper on the Monday following service of process on Defendant Girls Galore, Inc. This was the same day that Holland observed Defendants Stergion and Nazerian gathering boxes of documents relating to previous years' employees and revenues before removing them from the club property. To Holland's knowledge, these documents have never been returned.

While the observations of Holland do not yet justify a motion against Defendants for sanctions or for a default judgment, they do show a very real

likelihood that Defendants have already destroyed evidence in this case and may do so again.

### C. *A preservation order is warranted because of the serious danger of destruction of key evidence in this case*

It is likely that additional documents relevant to this case still exist. Holland's Declaration shows that alcohol sales data for the entire period at issue in this lawsuit and in the related FLSA case *Brummett et al. vs. Girls Galore, Inc. et al.* has been stored on computers located in the Tease offices for years. Barnes currently has no information leading him to believe that such data has yet been destroyed.

Electronic data such as that contained on Defendants computers is, however, singularly susceptible to alteration and deletion.[22] Given the clear indications that Defendants Stergion and Nazerian may have already destroyed key evidence in this case and that additional relevant evidence may still exist, it is necessary that this Court enter an order prohibiting further destruction of evidence and ordering that Defendants take all measures necessary to preserve electronic data currently

---

[22] *See, e.g., Day v. LSI Corp.*, 2012 U.S. Dist. LEXIS 180319, 43–44 (D. Ariz. Dec. 19, 2012) (entry of default judgment was necessary to protect the plaintiff and "to sufficiently deter destruction of electronic data, which is often easily accomplished and highly prejudicial." (quoting *Veolia Transp. Servies, Inc. v. Evanson*, 2011 U.S. Dist. LEXIS 136544, 2011 WL 5909917 *5 (D. Ariz. 2011).

located in their office computers, servers, and other electronic equipment, as well as any other documents relating to its revenues and other matters at issue in this case.

## III.    Conclusion

In light of Holland's Affidavit, Barnes respectfully requests that the Court enter an immediate Order requiring Defendants to make all efforts to preserve all documents and electronic information in their possession related to Bliss, Tease, and issues raised in this FLSA matter pending further discovery. Immediate action to merely preserve and protect evidence is both necessary and appropriate. No Party can plausibly claim prejudice in preserving evidence. If the court does not find an immediate order is necessary, Barnes requests that the Court order expedited responses from Defendants to this motion.

This 30th day of March 2015.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS  & FITZPATRICK, LLC**

|  |  |
|---|---|
|  | */s/ Kevin D. Fitzpatrick, Jr.*<br>Kevin D. Fitzpatrick, Jr.<br>Georgia Bar No. 262375 |
| 3100 Centennial Tower<br>101 Marietta Street<br>Atlanta, GA 30303<br>Telephone: (404) 979-3171<br>Facsimile: (404) 835-6168<br>kevin.fitzpatrick@dcbflegal.com<br>charlesbridgers@dcbflegal.com<br>matthew.herrington@dcbflegal.com | */s/ Charles R. Bridgers*<br>Charles R. Bridgers<br>Georgia Bar No. 080791<br><br>*/s/ Matthew W. Herrington*<br>Matthew W. Herrington<br>Georgia Bar No. 275411<br><br>**COUNSEL FOR PLAINTIFF** |