## SETTLEMENT AGREEMENT

This Settlement Agreement (hereafter the "Agreement") is entered into by and between the following Parties: *Joseph Brummett, Justin Toland, William Wynn, James Ransom, Albert Barnes* and *Robert Casey* (**PLAINTIFFS**), and *Girls Galore, Inc., Nicholas Stergion and George Nazarian* (**DEFENDANTS**) (collectively the "Parties"):

WHEREAS, *Joseph Brummett, Justin Toland, William Wynn, James Ransom,* and **DEFENDANTS** are parties to a civil action pending in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Brummett, et al, v. Girls Galore, Inc., et al,* Civil Action No. 1:14-cv-04033-AT (hereinafter referred to as the "Brummett Litigation"), which action arises out of or relates to the employment of or work performed by *Joseph Brummett, Justin Toland, William Wynn, James Ransom*;

WHEREAS, *Albert Barnes* and **DEFENDANTS** are parties to a civil action pending in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Barnes v. Girls Galore, Inc., et al,* Civil Action No. 1:14-cv-03946-SCJ (hereinafter referred to as the "Barnes Litigation"), which action arises out of or relates to the employment of or work performed by *Albert Barnes*;

WHEREAS, *Robert Casey* and **DEFENDANTS** are parties to a civil action pending in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Casey v. Girls Galore, Inc. et al,* Civil Action No. 1:16-cv-04590-SCJ (hereinafter referred to as the "Casey Litigation"), which action arises out of or relates to the employment of or work performed by *Robert Casey*;

WHEREAS, pursuant to each Litigation described above ("the Litigations), **PLAINTIFFS** claim that the **DEFENDANTS** intentionally and willfully failed to pay them the required compensation under the Fair Labor Standards Act ("FLSA") and **DEFENDANTS** deny these allegations;

WHEREAS, **PLAINTIFFS** and **DEFENDANTS** desire to enter into an agreement resolving and settling all claims, allegations and causes of action asserted or which could have been asserted by **PLAINTIFFS** in the Litigation that arise out of or relate to compensation for any work performed by **PLAINTIFFS** for

**DEFENDANTS**;

WHEREAS, **PLAINTIFFS** warrant and represent that they have not assigned any of the claims against **DEFENDANTS** that are released in this Agreement to any other person or entity and that no attorneys other than Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of DeLong Caldwell Bridgers Fitzpatrick and Benjamin, LLC have a claim for attorneys' fees and/or costs arising from **PLAINTIFFS'** claims released in this Agreement; and

WHEREAS, this Agreement constitutes a good faith settlement of all of **PLAINTIFFS'** disputed claims and allegations that were asserted or could have been asserted by **PLAINTIFFS** in the Litigations arising out of or relating to compensation for any work performed by **PLAINTIFFS** for **DEFENDANT**, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the **DEFENDANT**, or any of its officers, employees, and/or other agents acted contrary to law or violated the rights of **PLAINTIFFS** or any other person at any time.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1.  **Consideration.** In consideration of this Agreement and other good and sufficient consideration, including **PLAINTIFFS'** agreement to dismiss with prejudice the Litigations, *Girls Galore, Inc.,* ("the Company") agrees to pay a total Settlement Payment of Two Hundred Thirty-Five Thousand Dollars and No Cents ($235,000.00), allocated as follows:

   a.  The sum of Twenty-Three Thousand Eight Hundred Ninety-Seven Dollars and 39/100 cents ($23,897.39) to *Albert Barnes;*

   b.  The sum of Seven Thousand One Hundred Forty-Two Dollars and 21 cents ($7,142.21) to *Robert Casey;*

   c.  The sum of Nineteen Thousand Fifty Dollars and 40/100 cents ($19,050.40) to *Joseph Brummett;*

d.  The sum of Fourteen Thousand Two Hundred Eighty-Four Dollars and 43 cents ($14,284.43) to *Justin Toland;*

e.  The sum of Thirty-Four Thousand Seven Hundred Twenty-Five Dollars and 47 cents ($34,725.47) to *William Wynn;*

f.  The sum of Thirty-Five Thousand Nine Hundred Dollars and 9 cents ($35,900.09) to *James Ransom;* and

g.  The sum of One Hundred Thousand Dollars and no cents ($100,000.00) to *Kevin D. Fitzpatrick, Jr.* (**PLAINTIFFS'** counsel) for attorneys' fees and costs.

2.  **Installment Payments.** Payment shall be made in equal installments delivered to **PLAINTIFFS'** counsel on the first day of each month beginning May 1, 2017 and continuing through August1, 2020, as follows:

a.  A check made out to *Albert Barnes* in the amount of Two Hundred Ninety-Eight Dollars and 71 cents ($298.71) less withholding for payroll taxes, for which Girls Galore, Inc., shall issue *Albert Barnes* an IRS Form W2;

b.  A check made out to *Albert Barnes* in the amount of Two Hundred Ninety-Eight Dollars and 72 cents ($298.72) without withholding for payroll taxes, for which Girls Galore, Inc., shall issue *Albert Barnes* an IRS Form 1099 designating such payment as Box 3 non-wage income;

c.  A check made out to *Robert Casey* in the amount of Eighty-Nine Dollars and 28 cents ($89.28) less withholding for payroll taxes, for which Girls Galore, Inc., shall issue *Robert Casey* an IRS Form W2;

d.  A check made out to *Robert Casey* in the amount of Eighty-Nine Dollars and 28 cents ($89.28) without withholding for payroll taxes, for which Girls Galore, Inc., shall issue *Robert Casey* an IRS Form 1099 designating such payment as Box 3 non-wage income;

e.    A check made out to ***Joseph Brummett*** in the amount of Two Hundred Thirty-Eight Dollars and 10 cents ($238.10) less withholding for payroll taxes, for which Girls Galore, Inc., shall issue ***Joseph Brummett*** an IRS Form W2;

f.    A check made out to ***Joseph Brummett*** in the amount of Two Hundred Thirty-Eight Dollars and 10 cents ($238.10) without withholding for payroll taxes, for which Girls Galore, Inc., shall issue ***Joseph Brummett*** an IRS Form 1099 designating such payment as Box 3 non-wage income;

g.    A check made out to ***Justin Toland*** in the amount of One Hundred Seventy-Eight Dollars and 55 cents ($178.55) less withholding for payroll taxes, for which Girls Galore, Inc., shall issue ***Justin Toland*** an IRS Form W2;

h.    A check made out to ***Justin Toland*** in the amount of One Hundred Seventy-Eight Dollars and 56 cents ($178.56) without withholding for payroll taxes, for which Girls Galore, Inc., shall issue ***Justin Toland*** an IRS Form 1099 designating such payment as Box 3 non-wage income;

i.    A check made out to ***William Wynn*** in the amount of Four Hundred Thirty-Four Dollars and 7 cents ($434.07) less withholding for payroll taxes, for which Girls Galore, Inc., shall issue ***William Wynn*** an IRS Form W2;

j.    A check made out to ***William Wynn*** in the amount of Four Hundred Thirty-Four Dollars and 7 cents ($434.07) without withholding for payroll taxes, for which Girls Galore, Inc., shall issue ***William Wynn*** an IRS Form 1099 designating such payment as Box 3 non-wage income;

k.    A check made out to ***James Ransom*** in the amount of Four Hundred Forty-Eight Dollars and 75 cents ($448.75) less withholding for payroll taxes, for which Girls Galore, Inc., shall issue ***James Ransom*** an IRS Form 1099 designating such payment as Box 3 non-wage income;

l.   A check made out to **James Ransom** in the amount of Four Hundred Forty-Eight Dollars and 75 cents ($448.75) without withholding for payroll taxes, for which Girls Galore, Inc., shall issue **James Ransom** an IRS Form 1099 designating such payment as Box 3 non-wage income;

m.   A check made out to **Kevin D. Fitzpatrick, Jr.** in the amount of Two- Thousand Five Hundred and no cents ($2,500.00) for which Girls Galore, Inc., shall issue **Kevin D. Fitzpatrick, Jr.** an IRS Form 1099 designating such payment as Box 14 attorneys' fees.

3.   **Lease Extension Contingency.**  No installment payments shall be due or payable, after October 1, 2019 if the Company ceases to operate because it was unable to enter into a commercially reasonable lease for the premises at 2284 Cheshire Bridge Road, Atlanta, Georgia, provided that each of the following conditions is met:

a.   **Nicholas Stergion** and **George Nazarian** will not transfer control of **Girls Galore, Inc.** to any person, persons, entity or entities until such time as the entire Settlement Amount has been paid or such person, persons, entity or entities formally assumes the obligations of this Agreement as a condition of the transaction or series of transactions creating the transfer of control in a document expressly approved by Plaintiff's counsel.  For purposes of this provision, "Control" over Girls Galore, Inc., will exist if a person, persons, entity or entities whether directly or indirectly through the control of other entities:

    i.   Has the power or right to manage or direct the management of the operation of the business located at 2284 Cheshire Bridge Road, Atlanta, Georgia, or

    ii.   Has the power or right to designate or provide all or substantially all the Company's officers, or

    iii.   Has the power or right to appoint or elect or prevent the appointment or election of a majority of the Company's Board of Directors, or other governing body have substantially the powers of a Board of Director, or

    iv.   Owns securities that constitute and/or are exchangeable into, exercisable for or convertible into more than 49 percent of the Company's Equity Interests.

b.   **DEFENDANTS** consent to **PLAINTIFFS'** filing of a UCC1 lien for the Settlement Amount designating such as FLSA damages.

c.   **DEFENDANTS** will promptly provide **PLAINTIFFS'** counsel with copies of all communications it receives from its Landlord related to lease extension or termination.

d.   If any of these conditions are not met, *Nicholas Stergion* and *George Nazarian* shall assume personal liability for all sums due under this agreement.

4.   **Remedies in the Event of Breach.**  In the event of a breach of any of the terms of the Agreement by **PLAINTIFFS**, or **DEFENDANTS**, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.  In the event of a breach by **Girls Galore Inc.,** (or by Stergion and Nazarian pursuant to Paragraph 3 d above) that is not cured after ten (30) notice to its counsel, the entire outstanding principal balance shall immediately become due and payable from **Girls Galore, Inc.,** (or by **DEFENDANTS** jointly and severally pursuant to Paragraph 3 d above.)  Interest shall accrue on the outstanding balance at the statutory rate.

5.   **Taxes.**  Each **PLAINTIFF** agrees to pay all taxes, if any, which may be deemed owing on the payments under this section, except for **DEFENDANT'S** portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages.  Each **PLAINTIFF** further agrees that she will indemnify and hold **DEFENDANT** and its related and affiliated entities harmless from and against any taxes, penalties and/or interest that might arise from any challenge by the Internal Revenue Service or similar state agency to her tax treatment of any amounts paid to her, except for any challenge associated with **DEFENDANT'S** responsibility for the employer portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages.

6.   **Warranty.** **PLAINTIFFS** represent and warrant that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. and the firm of DeLong Caldwell Bridgers & Fitzpatrick, LLC are and have been the sole attorneys for them with respect to the Litigation and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Litigation; and that all legal fees, costs, and/or expenses for which **DEFENDANT** could be liable in

1    connection with the Litigation are discharged.
2
3       6.   **Release & Waiver of All Claims**. **PLAINTIFFS**, for themselves, their
4    attorneys, agents, assigns, heirs, executors, administrators and successors, hereby
5    fully, finally and forever release and discharge **DEFENDANT** and all of its present
6    or former attorneys, officers, officials, employees, assigns, principals and/or agents
7    from any and all claims, demands, actions, causes of action, suits, damages, losses,
8    costs, expenses and attorneys' fees of any kind and every character whatsoever,
9    whether known or unknown, which she has or may have against them growing out
10   of or arising from or pertaining to any claim for violations of the Fair Labor
11   Standards Act.
12
13      7.   **Court Approval**.   All Parties agree that, upon execution of this
14   Agreement, they shall file joint motions for approval of the settlement to the United
15   States District Judges before whom the Litigations are pending for the purposes of
16   obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C.
17   § 201 et seq. All Parties agree that they will set the joint motion for hearings as soon
18   as possible, if necessary.  If all of the District Court Judges assigned to the Litigations
19   do not approve this Agreement, it shall be void ab initio.
20
21      8.   **Dismissal of Action.**  Upon payment of all sums due under this
22   Agreement the Parties, through counsel of record, agree to fully execute and file the
23   Stipulations of Dismissal with Prejudice attached hereto as Exhibit 1-3, with the
24   court within five (5) business days.
25
26      9.   **Execution**.  This Agreement shall become effective upon its approval
27   by the court. The Parties may execute this Agreement in counterparts, and execution
28   in counterparts shall have the same force and effect as if the Parties had signed the
29   same instrument.  Execution delivered by facsimile or electronic mail to the Parties'
30   counsel of record shall be deemed effective as if executed in original.
31
32      10.  **Entire Release.**  Each **PLAINTIFF** affirms that the only consideration
33   for her decision to execute and her execution of the Agreement are the terms stated
34   herein and that there are no other promises or arrangements of any kind which have
35   caused her to execute the Agreement; that he has been advised to and has consulted
36   with her attorneys regarding the terms, conditions and the final and binding effect of
37   this Agreement; and he understands the meaning of the Agreement and its final and

1   binding effect.
2
3        11.   **Severability.**  Each provision of this Agreement shall be considered
4   separable, distinct and severable from the other and remaining provisions, and any
5   breach, invalidity or unenforceability of any provision shall not impair the operation,
6   validity or enforceability of those provisions that are valid and, to the extent allowed
7   by law, such invalid or otherwise unenforceable provision may be modified by a
8   court of competent jurisdiction so as to render it enforceable.  Notwithstanding the
9   foregoing sentence, if Paragraphs 1. 2. or 3. are found to be invalid by a court of
10  competent jurisdiction, the entire Agreement is invalid.
11
12       12.   **Amendments.**  Any modification or change to this Agreement must be
13  made in writing and signed by all Parties.
14
15       13.   **Construction.**   The language contained in this Agreement shall be
16  deemed to be approved jointly by the Parties, and no rule of strict construction shall
17  be applied against any Party hereto.  No provision of this Agreement is inferred or
18  shall be interpreted or applied so as to preclude any Party to this Agreement from
19  complying with any federal, state, or local law, rule, or regulation.
20
21       14.   **Governing Law.**  This Agreement is executed in the State of Georgia
22  and all terms of this Agreement shall be governed and construed pursuant to the laws
23  of the State of Georgia.
24
25       15.   __.  **Notice:**  Any notice of DEFENDANTS' breach or default as
26  provided in Paragraph 4 shall be in writing, signed by PLAINTIFFS' counsel and
27  delivered personally or sent by statutory overnight delivery or by registered or
28  certified United States mail, postage prepaid, return receipt requested, to
29  DEFENDANTS' counsel at the addresses set forth below, or at such other addresses
30  within the continental United States of America as may have theretofore been
31  designated in writing. In the event that any DEFENDANTS' counsel provides
32  written notice of the termination of the attorney-client relationship with any
33  DEFENDANT, notice of DEFENDANTS' breach or default as provided in
34  Paragraph 4 shall be delivered or sent in the manner provided in this Paragraph to
35  each DEFENDANT at the addresses set forth below or at such other addresses or to
36  successor counsel at such addresses within the continental United States of America
37  as may have theretofore been designated in writing. The date of personal delivery or
38  the date of mailing, as the case may be, shall be the date of such notice. For the

1   purposes of this Agreement:
2
3        The address of Girls Galore, Inc.'s counsel is:
4        Michael A. Dominy, Esq.
5        The Dominy Law Firm, LLC
6        881 Ponce de Leon Ave. NE
7        Suite 3
8        Atlanta, Georgia 30306
9
10       The address of George Nazerian's counsel is:
11       Michael A. Dominy, Esq.
12       The Dominy Law Firm, LLC
13       881 Ponce de Leon Ave. NE
14       16.    Suite 3
15       Atlanta, Georgia 30306
16
17       The address of Nicholas A. Stergion's counsel is:
18       William P. Miles, Jr., Esq.
19       Gregory, Doyle, Calhoun & Rogers, LLC
20       49 Atlanta Street
21       Marietta, GA 30060
22
23       The address of Girls Galore, Inc. is:
24       2284-C Cheshire Bridge Road
25       Atlanta, Georgia 30324
26
27       The address of George Nazerian is:
28       3350 George Busbee Parkway
29       Apt. 1208
30       Kennesaw, GA 30144
31
32       The address of Nicholas A. Stergion is:
33       3520 Waters Cove Way
34       Alpharetta, GA 30202
35
36    Each Party further warrants and represents as follows: **I HAVE CAREFULLY**
37 **READ AND FULLY UNDERSTAND THE PROVISIONS OF THIS**
38 **AGREEMENT INCLUDING PLAINTIFFS' WAIVER OF CLAIMS**

- 9 -

1 **AGAINST GIRLS GALORE, INC., AND THE RELEASEES. I HAVE**
2 **ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY**
3 **AS AN ACT OF MY OWN FREE WILL AND HAVE NOT RELIED UPON**
4 **ANY OTHER REPRESENTATION OR STATEMENT, WRITTEN OR**
5 **ORAL. I HAVE HAD AN OPPORTUNITY TO CONSULT WITH AN**
6 **ATTORNEY AND, IF NECESSARY, WITH OTHER PERSONAL ADVISORS**
7 **OF MY CHOOSING, PRIOR TO EXECUTING THIS AGREEMENT AND**
8 **WAIVING ANY AND ALL CLAIMS, AND I HAVE HAD SUFFICIENT TIME**
9 **AND OPPORTUNITY TO DO SO.**
10
11 **IN WITNESS WHEREOF**, the undersigned have executed this
12 Settlement Agreement and Release consisting of eight (8) pages effective April ____
13 ____, 2017.
14
15 **ACCEPTED AND AGREED BY ALBERT BARNES**
16 By: _____
17 Albert Barnes
18
19 Date: April, _____, 2017
20
21 **ACCEPTED AND AGREED BY ROBERT CASEY**
22 By: _____
23 Robert Casey
24
25 Date: ~~April~~, May, 10 , 2017
26
27 **ACCEPTED AND AGREED BY JOSEPH BRUMMETT**
28 By: _____
29 ~~Keith Brummett~~
30 Joseph
31 Date: ~~April~~, May, 24 , 2017
32

1  AGAINST GIRLS GALORE, INC., AND THE RELEASEES.  I HAVE
2  ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY
3  AS AN ACT OF MY OWN FREE WILL AND HAVE NOT RELIED UPON
4  ANY OTHER REPRESENTATION OR STATEMENT, WRITTEN OR
5  ORAL.  I HAVE HAD AN OPPORTUNITY TO CONSULT WITH AN
6  ATTORNEY AND, IF NECESSARY, WITH OTHER PERSONAL ADVISORS
7  OF MY CHOOSING, PRIOR TO EXECUTING THIS AGREEMENT AND
8  WAIVING ANY AND ALL CLAIMS, AND I HAVE HAD SUFFICIENT TIME
9  AND OPPORTUNITY TO DO SO.
10
11      **IN WITNESS WHEREOF**, the undersigned have executed this
12  Settlement Agreement and Release consisting of eight (8) pages effective May ____
13  1st, 2017.
14
15  ACCEPTED AND AGREED BY ALBERT BARNES
16  By: _____
17      Albert Barnes
18
19      Date: May 1st, 2017          5/1/17
20
21  ACCEPTED AND AGREED BY ROBERT CASEY
22  By: _____
23      Robert Casey
24
25      Date: May____, 2017
26
27
28  ACCEPTED AND AGREED BY JOSEPH BRUMMETT
29  By: _____
30      Keith Brummett
31
32      Date: May____, 2017
33
34

1    **ACCEPTED AND AGREED BY JUSTIN TOLAND**

2    By:   _____
3          Justin Toland
4
5          Date:  April, _____, 2017
6
7    **ACCEPTED AND AGREED BY WILLIAM WYNN**

8    By:   _____
9          William Wynn
10
11         Date:  April, _____, 2017
12
              5/1/2017
13   **ACCEPTED AND AGREED BY JAMES RANSOM**

14   By:   _____
15         James Ransom
16
17         Date:  April, _____, 2017
18
19   **ACCEPTED AND AGREED BY NICHOLAS STERGION**

20   By:   _____
21         Nicholas Stergion
22
23         Date:  April, _____, 2017
24
25   **ACCEPTED AND AGREED BY GEORGE NAZARIAN**

26   By:   _____
27         George Nazarian
28
29         Date:  April, 4/28/, 2017
30
31   **ACCEPTED AND AGREED BY GIRLS GALORE, INC.**

1   ACCEPTED AND AGREED BY JUSTIN TOLAND

2   By: _____

3       Justin Toland

4

5       Date: May 03, 2017

6

7

8   ACCEPTED AND AGREED BY WILLIAM WYNN

9   By: _____

10      William Wynn

11

12      Date: May____, 2017

13

14

15  ACCEPTED AND AGREED BY JAMES RANSOM

16  By: _____

17      James Ransom

18

19      Date: May____, 2017

20

21  ACCEPTED AND AGREED BY NICHOLAS STERGION

22  By: _____

23      James Ransom

24

25      Date: May, _ 2017

26

27  ACCEPTED AND AGREED BY GEORGE NAZARIAN

28  By: _____

29      James Ransom

30

31      Date: May____, 2017

32

33

**ACCEPTED AND AGREED BY JUSTIN TOLAND**

By: _____

    Justin Toland

    Date:  May____, 2017


**ACCEPTED AND AGREED BY WILLIAM WYNN**

By: _____

    William Wynn

    Date:  May____, 2017


**ACCEPTED AND AGREED BY JAMES RANSOM**

By: _____

    James Ransom

    Date:  May_ol_, 2017

**ACCEPTED AND AGREED BY NICHOLAS STERGION**

By: _____

    James Ransom

    Date:  May,_, 2017

**ACCEPTED AND AGREED BY GEORGE NAZARIAN**

By: _____

    James Ransom

    Date:  May____, 2017

- 11 -

**ACCEPTED AND AGREED BY JUSTIN TOLAND**

By: _____
        Justin Toland

        Date:  April, _____, 2017

**ACCEPTED AND AGREED BY WILLIAM WYNN**

By: _____
        William Wynn

        Date:  April, _____, 2017

        5/1/2017

**ACCEPTED AND AGREED BY JAMES RANSOM**

By: _____
        James Ransom

        Date:  April, _____, 2017

**ACCEPTED AND AGREED BY NICHOLAS STERGION**

By: _____
        Nicholas Stergion

        August
        Date: April, _____, 2017

**ACCEPTED AND AGREED BY GEORGE NAZARIAN**

By: _____
        George Nazarian

        Date:  April, 4/28/, 2017

**ACCEPTED AND AGREED BY GIRLS GALORE, INC.**

1

2   By: 

3

4   Its Principal

5      Date:  April, 4/28 , 2017

6

7                      **EXHIBIT 1**

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **ALBERT BARNES,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. 1:14-CV-03946-SCJ |
| **GIRLS GALORE, INC., et al,** | |
| **Defendants.** | |

**STIPULATION OF DISMISSAL WITH PREJUDICE**

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Parties, by and through their undersigned counsel of record, hereby stipulate and agree to the dismissal with prejudice of the above-captioned action.  Except as otherwise agreed between the parties, each party shall bear its own attorneys' fees and costs.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC**

*s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375
*s/ Charles R. Bridgers*
Charles R. Bridgers_
Georgia Bar No. 080791

**GREGORY, DOYLE, CALHOUN &
ROGERS, LLC**

*s/ William P. Miles, Jr.*
William P. Miles, Jr.
Georgia Bar No. 505828
49 Atlanta Street
Marietta, GA 30060
770.422.1776 office

- 1 -

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

**COUNSEL FOR PLAINTIFF**

770.426.6155 facsimile
wmiles@gregorydoylefirm.com

**COUNSEL FOR NICHOLAS STERGION**

**MICHAEL A. DOMINY**

*s/ Michael A. Dominy*
Michael A. Dominy
Georgia Bar No. 225335
881 Ponce de Leon Ave.
Suite 3
Atlanta, Georgia 30306
(404)900-9570
michael@dominylaw.com

**COUNSEL FOR GEORGE NAZARIAN
AND GIRLS GALORE, INC.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**ALBERT BARNES,**

   **Plaintiff,**

  **vs.**

**GIRLS GALORE, INC., et al,**

   **Defendants.**

Civil Action No. 1:14-CV-03946-SCJ

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on _____ ___, 20__, I electronically filed a true and correct copy of the parties' **STIPULATION OF DISMISSAL WITH PREJUDICE** with the Clerk of Court using the CM/EMF system which will automatically send email notification of such filing, constituting service, to the following attorneys of record:

    William P. Miles, Jr.
    Michael Dominey

    **DELONG CALDWELL BRIDGERS**
    **& FITZPATRICK, LLC**

    <u>s/ Kevin D. Fitzpatrick, Jr.</u>
    Kevin D. Fitzpatrick, Jr.
    Georgia Bar No. 262375
    Counsel for Plaintiff

3

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(770) 979-3150
(770) 979-3170 (Fax)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com